In the Matter of GEORGE A. FAHY, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, April 4, 1988

**APPEARANCES OF COUNSEL**

*Robert H. Straus (Leslie S. Evans* and *Lawton W. Squires* of counsel), for petitioner.

*Jerome Karp* for respondent.

## OPINION OF THE COURT

Per Curiam.

The respondent was admitted to practice as an attorney by this court on June 17, 1970. In this proceeding the respondent was charged with six allegations of misconduct.

Charge one of the petition alleged, *inter alia,* that the respondent converted to his own use funds entrusted to him by a client, and by reason of the foregoing, violated the Code of Professional Responsibility. The Special Referee sustained that part of this charge alleging conversion, but failed to sustain violations of the Code of Professional Responsibility.

Charge two of the petition alleged, *inter alia,* that the respondent neglected a legal matter entrusted to him when he received $14,000 in December 1980 to pay estate taxes but failed to pay the New York estate tax until December 1983. The Special Referee sustained the allegations of neglect, but failed to sustain violations of the Code of Professional Responsibility.

Charge three of the petition alleged that the respondent failed to maintain, keep and produce complete records of funds of a client entrusted to him. The Special Referee sustained this charge.

Charge four of the petition alleged that respondent failed to communicate with his client, misrepresented the status of a legal matter entrusted to him and failed to promptly and correctly account for money received. The Special Referee sustained that part of the charge alleging that the respondent's accounts to the client were incorrect, but the Referee noted that they did not constitute a misrepresentation of the true status of the legal matter.

The Special Referee failed to sustain the allegations of professional misconduct in charges five and six.

The petitioner moves to confirm that part of the Special Referee's report which sustained the charges against the respondent, and to otherwise disaffirm. The respondent cross-moves to confirm that part of the Special Referee's report which failed to sustain the charges against him and to otherwise disaffirm.

After reviewing all of the evidence, we are in full agreement with the findings of the Special Referee as to charges three, five and six.

As to charges one, two and four, we agree with the report of the Special Referee to the extent that it sustained the allegations, respectively, of conversion, of neglect of a legal matter, and of failure to promptly deliver funds to a client, but disagree with the Referee's failure to sustain the other allegations of professional misconduct.

The respondent is guilty of the misconduct outlined above in charges one, two, three and four, and not guilty of the misconduct alleged in charges five and six. Both the petitioner's motion and the respondent's cross motion to respectively confirm and disaffirm the report of the Special Referee are granted to the extent indicated above.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances set forth by the respondent at the hearing of this matter. Accordingly, the respondent should be, and hereby is, suspended from the practice of law for a period of five years commencing May 15, 1988, and until the further order of this court.

MOLLEN, P. J., MANGANO, THOMPSON, BRACKEN and BROWN, JJ., concur.